**IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
CIVIL DIVISION** 2012 MOV 29  PM 12: 37
**(ORLANDO DIVISION)**

EDWIN TORO,

    Plaintiff,

CASE NO.: 6:12-cv-1803-ORL-36-GJK

-VS-

COMMONWEALTH FINANCIAL
SYSTEMS, INC., d/b/a NCC

_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331.

3.    The alleged violations described in the Complaint occurred in Osceola County, Florida.

### FACTUAL ALLEGATIONS

4.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Osceola County, Florida

5.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. §1692(a)(3).

6.    Plaintiff is an "alleged debtor."

7.    Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8.      Defendant is a corporation and a citizen of the Commonwealth of Pennsylvania with its principal place of business at 245 Main Street, Dickinson City, Pennsylvania, 18519.

9.      Defendant is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).  Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

10.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

11.     Defendant called the Plaintiff approximately two-hundred times (200) over an eight month period for a debt that wasn't his.

12.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13.     Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

14.     Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

15.     In or about the beginning of March 2012, Plaintiff began receiving calls to his cellular telephone, (407) 361-8664, from the Defendant in which they left him a prerecorded voice. Plaintiff promptly returned the phone call the same day and informed the Defendant that he did not owe them any money and requested he be taken off their call list.

16.     On approximately 4 or 5 occasions, the Plaintiff has returned the Defendant's call in an effort to inform them of their mistake.

2

17.     On or about May 2012, Plaintiff returned Defendant's call and spoke with an agent or representative of the Defendant. They informed Plaintiff they were collecting for a medical bill and insisted that Plaintiff give Defendant his social security number. Plaintiff insisted this was not his debt, he was not the person Defendant was looking for and to stop calling. Defendant insinuated that Plaintiff was lying.

18.     On or about May 2012, Plaintiff again returned Defendant's call and spoke with an agent or representative of the Defendant. They informed Plaintiff they were collecting for a medical bill for a person of the same name. Plaintiff insisted this was not his debt. The Defendant provided the Plaintiff with the last digit of the Social Security Number for the person they were seeking, and Plaintiff again informed them they had the wrong number. Defendant told Plaintiff they would "keep calling until you pay."

19.     On or about May 2012, Plaintiff again returned Defendant's call and spoke with an agent or representative of the Defendant. They insisted that Plaintiff give Defendant his social security number. Defendant told him that "if this is not you, then you should just give me your social security number."

20.     On or about May 2012, Plaintiff answered one of Defendant's unwarranted calls to his cellular phone. Plaintiff told the Defendant that he was not the person they were looking for and if they kept calling he would file a complaint. Defendant responded "we don't care what you do; we are going to keep calling."

21.     On or about September 14, 2012, Plaintiff answered one of Defendant's unwarranted calls to his cellular phone. Defendant started asking Plaintiff for personal information including his Social Security Number. Plaintiff told the Defendant that the last four digits of his Social Security Number did not match the number provided by the Defendant and asked Defendant to stop calling.

3

22.    On or about September 15, 2012, Plaintiff received another call from Defendant. Plaintiff returned Defendant's call at 321-250-7016. Plaintiff spoke with an agent and/or representative of the Defendant who identified themselves as "Kaylo". Plaintiff told Kaylo to please stop calling, he had been receiving a lot of calls from this number and informed Kaylo this was not the first time he had called back asking for the calls to stop.

23.    The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

24.    Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

25.    Defendant continued to call the Plaintiff approximately two to four (2-4) times each day per their corporate policy, from March 2012 through the filing of this complaint.

26.    Plaintiff received approximately one-hundred and thirty (130) calls from Defendant, from March 2012 through September 2012. (See Exhibit A)

27.    Plaintiff has received approximately two-hundred (200) calls in total from the Defendant, which are continuing through the filing of this complaint.

28.    Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

29.    Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendants that they are the wrong party.

30.    Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

31.    Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

32.    Defendant has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

33.    Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

34.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35.    Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

### COUNT I
### (Violation of the TCPA)

36.    Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37.    Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

38.    Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

5

39.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

40.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

41.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

42.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

43.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

     **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violations of the FDCPA)

44.     Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

45.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

46.     Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

47.     Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

48.     Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

49.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/William Peerce Howard*
William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0103330
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, William Peerce Howard, hereby certify that a true and correct copy of the

foregoing has been served on Defendant through Service of Process on its Registered Agent.

*/s/William Peerce Howard*
William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0103330
Attorney for Plaintiff