UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EDWIN TORO,**

        **Plaintiff,**

v.                           Case No:  6:12-cv-1803-Orl-36GJK

**COMMONWEALTH FINANCIAL SYSTEMS, INC.,**

        **Defendant.**

## ORDER

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT** (Doc. No. 12) |
| **FILED:** | **March 19, 2013** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

On November 30, 2012, Plaintiff, Edwin Toro, filed a Complaint against Defendant, Commonwealth Financial Systems, Inc., alleging claims for violation of the Telephone Consumer Protection Act (hereafter "TCPA"), 47 U.S.C. § 227 et. seq.; the Fair Debt Collection Practices Act (hereafter "FDCPA"), 15 U.S.C. § 1692 et. seq.; and the Florida Consumer Collection Practices Act (hereafter "FCCPA"), section 559.55, Florida Statutes. Doc. No. 1. On January 7, 2013, a clerk's default was entered against Defendant. Doc. No. 11. On March 19, 2013, Plaintiff moved for the entry of default judgment (hereafter "Motion"). The Motion requests a default judgment be entered pursuant to Rule 55(b), Federal Rules of Civil Procedure,

and attaches affidavits from Plaintiff and Plaintiff's counsel in support. Doc. Nos. 12; 12-2; 12-3. In Plaintiff's counsel's affidavit, Plaintiff's counsel states that Plaintiff is entitled to $302,000 in damages for Defendant's TCPA violations, $1,000.00 in damages for Defendant's FDCPA violations, $1,000.00 in damages for Defendant's FCCPA violations, $3,375.00 in attorney's fees and $453.60 in costs. Doc. No. 12-2 at 2.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] The Motion does not articulate the factual or legal bases supporting the entry of a default judgment. The Motion also does not indicate what damages Plaintiff seeks or how the damages were calculated. Although Plaintiff's counsel's affidavit states the damages Plaintiff is "entitled to," Plaintiff's counsel does not indicate how he calculated these amounts or their legal propriety. Further, an application for an award of attorney's fees and costs must be supported by an affidavit(s) and supporting documentation, such as billing and cost records that demonstrate the time and costs are reasonable and recoverable. It is not enough to merely state the amount of attorney's fees and costs incurred. Further, the Motion does not contain a supporting memorandum of law as required by Local Rule 3.01(a).

Based on the foregoing, the Court **ORDERS**:

1. The Motion is **DENIED**;
2. If Plaintiff renews the Motion, it must state the legal and factual bases for each claim Plaintiff seeks the entry of default judgment, clearly set forth the damages sought and the legal basis for awarding same;

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

3. If Plaintiff seeks an award of attorney's fees and costs in the renewed motion, the request must be supported by affidavit(s) and supporting documentation; and

4. Any renewed motion must contain a supporting memorandum of law as required by Local Rule 3.01(a).

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties